PROB 12B
(7/93)

Report Date: September 8, 2008

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 10 2008

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Donald Eugene George             Case Number: 2:08CR00132-001

Name of Sentencing Judicial Officer: The Honorable Lonnie R. Suko, U.S. District Judge

Date of Original Sentence: 8/3/1998                Type of Supervision: Supervised Release

Original Offense: Travel in Interstate Commerce    Date Supervision Commenced: 6/2/2006
With Intent to Engage in a Sexual Act with a Juvenile

Original Sentence: Prison - 108 Months; TSR - 36   Date Supervision Expires: 6/1/2009
Months

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

19    You shall reside in a residential reentry center for a period of up to 60 days. This placement may include
      a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but
      not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements
      of the facility. You shall remain at the facility until discharged by the Court.

### CAUSE

On August 3, 1998, the above-offender was sentenced in the District of Idaho by the Honorable Edward J. Lodge, U.S. District Judge, to a term of 108 months in the Bureau of Prisons for violation of 18 U.S.C. § 2423(b) - Travel in Interstate Commerce With Intent to Engage in a Sexual Act with a Juvenile. On June 2, 2006, Mr. George was released from custody commencing a 3-year term of supervised release.

On January 17, 2007, the offender's term of supervised release was modified following his failure to follow directives given by the undersigned officer while under supervision in the Eastern District of Washington. Essentially, the added special conditions of supervision were intended to minimize any potential risks to others while the offender remains in the community.

On September 24, 2007, the offender's term of supervised release was again modified following his non-compliant behavior. On June 22, 2007, the offender violated the special condition that he shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). On the above-date, Mr. George reported he accessed Playboy Magazine website for the purpose of downloading a pornographic image. The undersigned officer essentially found out about the alleged violation behavior after the offender participated in a polygraph examination on August 23, 2007. It is noted the offender admitted the above-mentioned violation behavior once interviewed by the undersigned officer.

As an intermediate sanction, Donald George was verbally reprimanded and directed to refrain from obtaining pornographic and/or explicit sexual images throughout the remainder of his period of supervision. Additionally, the offender was asked whether he would waive his rights to a hearing and agree to the modifications to include 180-day period in a residential reentry center (RRC). The Court concurred with the undersigned's recommendation and the offender participated in the RRC program from October 1, 2007, until February 13, 2008.

The purpose of this report is to advise Your Honor of the offender's non-compliance with the terms of supervision. It appears Mr. George violated conditions of his supervised release in Spokane, Washington, between February 2008 and August 2008, by possessing and viewing pornography. On August 19, 2008, the offender admitted viewing and possessing pornography while in a bathroom stall at the Spokane Transit Authority (STA) bus terminal in downtown Spokane, Washington. On the above-mentioned date, Mr. George reports while in a bathroom stall at the STA bus terminal, he possessed and viewed a pornographic magazine. It is the offender's contention that he was unaware the magazine was pornographic as he found it while in a bathroom stall.

Although Mr. George admits viewing pornography on the above-referenced date, he continues to minimize his behavior surrounding the incident. He readily admits that he intends to follow all court-ordered requirements. Mr. George is expected to continue participating in sexual deviancy treatment. Contact with Mr. Ed Averett confirms the offender remains amenable to treatment.

As an intermediate sanction, Donald George was asked whether he would waive his rights to a hearing and agree to the modification as outlined above. As indicated by the enclosed Waiver of Hearing to Modify Conditions of Supervised Release form, Mr. George has agreed to the proposed modification. It is respectfully recommended that the Court adopt the attached waiver of hearing to modify conditions of supervised release as listed above. It is hoped the intermediate sanction imposed meets with the expectation of the Court. Please advise this officer should Your Honor require a different course of action or a court appearance by the offender.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 9-8-08

Tommy Rosser
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

9/10/08
Date

◆PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 10 2008

JAMES R LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

19    You shall reside in a residential reentry center for a period of up to 60 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.


Witness: _____    Signed: _____
              Tommy Rosser                             Donald Eugene George
         U.S. Probation Officer                       Probationer or Supervised Releasee

                                September 2, 2008
                                    Date